## PROSECUTING WITNESS INCORRECTLY NAMED.

### Common Pleas Court of Licking County.

### STATE OF OHIO v. SAMUEL DETTERLINE.

### Decided, January Term, 1913.

*Criminal Law—Plea in Abatement Comes too Late, When—Misnomer of Prosecuting Witness—Idem Sonans.*

A plea of abatement must be made prior to the plea of not guilty, and where it is discovered during the taking of testimony that the prosecuting witness has been incorrectly named in the indictment it is too late to interpose a plea of abatement.

*J. Howard Jones*, Prosecuting Attorney, for plaintiff.
*J. F. Lingafelter*, contra.

FULTON, J. (orally).

In this case the prosecuting witness was examined in chief by the state, and was turned over for cross-examination, when the defendant, by his attorney, asked her what her name is, and she said Ruby Reynolds. The indictment charges that her name is Ruby Randals. Then he asked her how she spells her last name, and it was difficult to tell how she said she does spell it, but I will take it for granted that she did spell it the way it is claimed—R e y n o l d s. There the evidence stopped, and it is sought now to file a plea in abatement, in which the defendant says the evidence in this case shows that the name of the prosecuting witness, upon whom the rape is charged to have been committed, is Ruby Reynolds, while the indictment charges that the said alleged rape was committed upon the person of Ruby Randals, and defendant asks to be discharged upon the plea of *idem sonans*. The plea is signed by the attorney for the defendant and is sworn to as the statute requires.

I admire the industry of counsel for the defendant in this case, and the interest that he has taken for his client. There is a rule of law which is applicable to this matter, that wherever the decisions have laid down a certain manner of procedure,

and our Legislature changes that procedure, the rule in the books, or the common law rule, as we sometimes call it, is abrogated by the statutes, and the statutes then become the rules upon which the procedure must be had.

Section 13616 reads as follows:

"A motion to quash may be made where there is a defect apparent upon the face of the record, including defects in the form of the indictment or in the manner in which an offense is charged."

The next is Section 13622, which reads:

"A plea in abatement may be made when there is a defect in the record shown by facts extrinsic thereto."

Section 13623 reads as follows:

"The accused may demur when the facts stated in the indictment do not constitute an offense punishable by the laws of this state, or when the intent is not alleged and proof thereof is necessary to make out the offense charged."

Section 13624: "When a motion to quash or a plea in abatement is adjudged in favor of the accused, he may be committed or held to bail in such sum as the court requires for his appearance at the first day of the next term of such court."

The last section which I intend to read is Section 13625, which reads as follows:

"The accused shall be taken to have waived all defects which may be excepted to by a motion to quash or a plea in abatement, by demurring to an indictment or pleading in bar or the general issue."

Now I take it that pleas in abatement must be made prior to the plea of not guilty. As the issue has been made in this case, and no plea in abatement filed before the plea of not guilty, I take it that, under that statute, it is now too late to file a plea in abatement.

Counsel for defendant has cited a case which has lately been tried in Columbus where one of the state senators was indicted

for bribery.  The prosecution proceeded for a certain distance in the case and then was compelled to desist on account of a failure of proof.  We have nothing in the record to show that this dismissal was on account of a plea in abatement.  My idea of the case is that the state put upon the stand a witness and that witness testified as to Substitute Bill No. 160, and they proceeded to try to get that before the jury, and an objection was made because the indictment was founded upon Original Bill No. 160.  The court excluded the substitute bill, and without that they could not proceed further.

Now, if it is a fact that this witness is not Ruby Randals, and is not the person at all who is charged by the indictment that the offense was committed upon, there will be time enough later on in the case for that point to be raised.  You can see what this would cause me to do if I should sustain this motion.  The defendant asks that this plea in abatement be sustained and that the defendant be allowed to go hence without day.  That I could not do.  It would be a great outrage—a wrong—and it would be against justice, and it would be allowing this man, if he is guilty, to escape on a mere technicality.  But, if I had the question now before me, in the proper way, at the proper time, I think I would have to hold that it is *idem sonans.*  For this reason the plea is overruled.